Van Voorhis, J.
Appellant was convicted in the Nassau County District Court, affirmed by the County Court, of assault third degree in violation of subdivision 1 of section 244 of the Penal Law. The affray seems to have arisen out of a dispute in the Teamsters Union. It occurred October 10, 1957 at the gasoline filling station of the Colonial Sand and Stone Company, at Cedar hurst, Long Island. The defendant tried the action for himself without a lawyer, although he asked for an adjournment in which to obtain one. He had been previously represented in the action by an attorney who withdrew, and he was given sufficient opportunity to obtain other counsel. There was no error in requiring him to proceed to trial. Other errors are presented, however, on account of which a new trial is necessary. Twenty-seven witnesses had been subpoenaed by defendant, who were excused by the Trial Judge at the opening of the trial. In a colloquy the defendant made clear that he wanted these witnesses to be present during the trial, but that he wished to have the trial postponed to enable him to procure legal counsel. He did disclaim the ability himself to examine these witnesses in court for the reason that he is not an attorney, but he later exhibited considerable forensic ability in conducting his trial, and we think that the Trial Judge erred in construing this statement as an authorization to the court to discharge these witnesses if defendant were forced to trial, as he was, without an attorney, or in concluding that their testimony, or the testimony of some of them, would not have been material and competent. It was also error for the court to state to the defendant, in the presence of the jury: “If you buy this record on an appeal, every one of those words will cost you more.” The defendant correctly replied that it was for the jury to decide whether it would be appealed. Although in the charge there was an endeavor to correct this statement, the language of People v. Velleman (247 App. Div. 172,173) applies here: “ The court’s impression of the defendant’s guilt stood out so strongly during the trial that its effect on the jury could not possibly have been cured by the formal instructions that they were not to be influenced by any opinion which the court might entertain.” *155 A new trial was granted, “ notwithstanding that the evidence was sufficient to warrant a finding of guilt. ’ ’ Guilty or not, the defendant was entitled to a fair trial.
The statement in the District Attorney’s file of the witness Cognato did conflict in some respects with his testimony upon the witness stand, and, since a new trial is to be granted, it might well be released in part to the defendant under People v. Walsh (262 N. Y. 140). Upon the trial Cognato testified that he saw defendant strike at the complainant, but did not see whether • he hit him, observing that defendant ‘ ‘ might have went over his shoulder.” In the statement in the District Attorney’s file, Cognato had said that defendant ‘ ‘ walked over to Regaglia and I didn’t hear what was said or nothing else.” Neither will it be necessary on the retrial for the Trial Judge to call the jury’s attention to the circumstance that defendant’s former attorney withdrew from the case.
The judgment of conviction should be reversed and a new trial ordered.
Chief Judge Conway and Judges Dye, Fund, Froessel and Burke concur with Judge Van Voorhis ; Judge Desmond dissents and votes to affirm upon the ground that none of the matters considered in the majority opinion raised any questions of law in this court.
Judgment reversed and a new trial ordered.